JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Timothy Brown, appeals his conviction for having a weapon while under a disability. After a thorough review of the record and for the reasons set forth below, we affirm.
 {¶ 2} On March 14, 2006, the Cuyahoga County Grand Jury indicted appellant on five counts: Counts One and Two, attempted murder with firearm specifications, in violation of R.C. 2923.02 and 2903.02; Counts Three and Four, felonious assault with firearm specifications, in violation of R.C. 2903.11; and Count Five, having a weapon while under a disability, in violation of R.C. 2923.13.
 {¶ 3} On February 21, 2007, the case went to trial, with Counts One through Four being heard to a jury and Count Five being heard to the bench. The jury acquitted appellant on all charges. The trial court found appellant guilty of having a weapon while under a disability. Prior to sentencing, appellant filed a motion for new trial, pursuant to Crim.R. 33, which the trial court denied. On March 23, 2007, appellant was sentenced to two years in prison.
 {¶ 4} At trial, the state called four witnesses, including the alleged victim, an eyewitness, and two law enforcement officers. Appellant did not present a case.
 {¶ 5} The victim, Mario Lacy, testified to the following. On the evening of January 4, 2006, he was visiting his girlfriend of the past four years at her neighbor's home in East Cleveland. He had learned that his girlfriend was also dating appellant, whom he had met four years before. When he arrived at his girlfriend's *Page 4 
apartment building, he saw appellant in the hallway. Appellant asked Lacy if he had anything to do with some damage that had been done to appellant's van. Although Lacy knew what appellant's van looked like, he was not involved with any alleged damage to it.
 {¶ 6} Lacy testified that he saw appellant later that evening by Lacy's van, which was parked across the street from his girlfriend's apartment building. As appellant emerged from behind the van, Lacy could see that he was holding a nine-millimeter pistol in his right hand. Appellant asked him, "What's up now?"; appellant then shot him twice, once in the leg and once in the lower back, and he fell face forward to the ground. After appellant shot him once more, Lacy saw him get into his own van and drive up the street, leaving Lacy lying in the middle of Superior Avenue.
 {¶ 7} Patricia Swift testified that she witnessed the shooting. Before she saw Lacy in the street, she heard two gunshots and specifically saw the shooter approach Lacy and shoot him in the back. She saw the shooter get into the van Lacy had described in his testimony. Swift testified that she stopped traffic to protect Lacy from being run over, then called 911. Before an ambulance arrived, Lacy told her that if he passed out, she should direct the police to his girlfriend's apartment and that the man who shot him was "[s]ome guy my girlfriend is messing with, * * * [h]is name is Tim. * * *." Finally, Swift testified that she communicated all of this information to the police when they arrived on the scene. *Page 5 
 {¶ 8} Detective Henry McCurdy of the East Cleveland Police Department testified that Lacy provided a statement as to the events that occurred on January 4, 2006, and in his statement, Lacy identified appellant as the shooter. Det. McCurdy testified that Lacy identified appellant from a photo array, which included appellant's photograph. Lacy also identified appellant in the courtroom at trial.
 {¶ 9} Appellant raises three assignments of error in his appeal, all of which focus on whether the trial court erred in finding him guilty of having a weapon while under a disability after the jury found him not guilty of attempted murder and felonious assault.
 Insufficient Evidence {¶ 10} "I. The evidence adduced at trial hereon was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of having a weapon while under a disability as alleged in Count Five of the indictment."
 {¶ 11} Appellant argues in his first assignment of error that he was denied due process because the state failed to produce sufficient evidence upon which he could be found guilty. He specifically argues that the only witness to testify that he had a gun was the victim, whose testimony was not credible. We disagree.
 {¶ 12} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486,124 N.E.2d 148. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652. *Page 6 
 {¶ 13} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the trier of fact as to the weight and sufficiency of the evidence. State v. Nicely (1988),39 Ohio St.3d 147, 529 N.E.2d 1236. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. On review, the appellate court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492.
 {¶ 14} The issue presented in appellant's first assignment of error is whether the state produced any evidence on all of the essential elements of Count Five. R.C. 2923.13 states in pertinent part, "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply: * * * (2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence."
 {¶ 15} Appellant only challenges the portion of the statute regarding whether he had, carried, or used any firearm. The state presented evidence through the testimony of Mario Lacy that appellant had a weapon. Lacy testified that he *Page 7 
recognized appellant, that appellant shot at him in the street after speaking to him, that appellant got into the van Lacy knew belonged to appellant and drove away. Lacy also identified appellant in a photo array prepared by the police.
 {¶ 16} While appellant focuses on Lacy's credibility, this is a separate issue from whether the state presented evidence on all elements of the crime. Viewing the evidence in a light most favorable to the prosecution, the trial court, as the trier of fact, could have found the essential elements of the crime proven beyond a reasonable doubt. We find there was sufficient evidence on which to convict appellant of having a weapon while under a disability; therefore we overrule appellant's first assignment of error.
 Manifest Weight of the Evidence {¶ 17} "II. The conviction for having a weapon while under a disability was not supported by the manifest weight of the evidence."
 {¶ 18} In his second assignment of error, appellant argues that the trial court's verdict was against the manifest weight of the evidence. As in his first assignment of error, appellant focuses on the credibility of the victim.
 {¶ 19} When a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v.Cleveland (1948), 150 Ohio St. 303, 345, 82 N.E.2d 709. *Page 8 
 {¶ 20} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held inTibbs, supra, that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. TheMartin court stated:
 {¶ 21} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Martin at 720.
 {¶ 22} Appellant would have this court believe that the trial court lost its way when it found him guilty of having a weapon while under a disability. We do not agree. The trial court was in the best position to consider the testimony of the witnesses and assess their credibility. While Lacy's testimony about his personal drug use was not necessarily consistent with the toxicology report, the court believed Lacy's testimony regarding the events that occurred on January 4, 2006. *Page 9 
 {¶ 23} The trial court and the jury are two independent triers of fact in this case. The fact that their conclusions differ is not relevant. The fact that the trial court reached a guilty verdict before the jury reached a not-guilty verdict actually suggests that neither side was unduly influenced by the other.
 {¶ 24} We do not find that the trial court's verdict was against the manifest weight of the evidence; therefore, we overrule appellant's second assignment of error.
 Inconsistent Verdicts {¶ 25} Although appellant does not articulate a third assignment of error, he seems to be arguing, as he did in his first assignment of error, that there was insufficient evidence to convict him on having a weapon while under a disability.
 {¶ 26} We have already addressed this issue above; however, we want to make clear that the trial court's verdict and the jury's verdict are not inconsistent as appellant argues.
 {¶ 27} In Ohio, inconsistency requiring acquittal does not arise out of a jury's inconsistent responses to different counts, but only arises out of inconsistent responses to the same count. State v. Adams (1978),53 Ohio St.2d 223, 374 N.E.2d 137. This is so because the several counts of an indictment are independent, and a verdict responding to a designated count will be construed in the light of the count designated, and no other. Browning v. State (1929), 120 Ohio St. 62, 165 N.E. 566. In contrast with civil cases, consistency between verdicts on *Page 10 
several counts of a criminal indictment is unnecessary and, where the defendant is convicted on one or some counts and acquitted on others, the conviction will generally be upheld, irrespective of its rational incompatibility with the acquittal. State v. Woodson (1985),24 Ohio App.3d 143, 493 N.E.2d 1018.
 {¶ 28} In State v. Hunter (July 23, 1993), Montgomery App. No. 13614, the court found the defendant guilty of having a weapon while under a disability, and the jury was unable to reach a verdict on a separate charge of carrying a concealed weapon. On appeal, the court held that the two offenses contained separate elements; therefore, the verdicts did not present a logical inconsistency. Id. The court further noted that "even had [the defendant] been found not guilty by the jury on the charge of carrying a concealed weapon, that would not require acquittal on the separate charge of having a weapon under disability." Id.; see, also, State v. Davis, Cuyahoga App. No. 88649, 2007-Ohio-3419 (trial court found defendant guilty of having a weapon while under a disability, but jury was unable to reach a verdict on felonious assault).
 {¶ 29} Similarly, we do not find that the jury's acquittal on the charges of attempted murder and felonious assault are inconsistent with the trial court's determination of guilt on having a weapon while under a disability. These three offenses are separate charges, each requiring proof beyond a reasonable doubt on a different set of elements; therefore, we overrule appellant's third assignment of error. *Page 11 
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1