[Cite as *State v. Patterson*, 2019-Ohio-881.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MICHAEL R. PATTERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 NO 0462**

---

Criminal Appeal from the
Court of Common Pleas of Noble County, Ohio
Case No. 218-2002

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. Kelly Riddle*, Prosecutor, 150 Courthouse, Caldwell, Ohio 43724, for Appellee-Plaintiff, (No Brief Filed) and
*Atty. Wesley Johnston*, P.O. Box 6041, Youngstown, Ohio 44501, and *Atty. John Falgiani Jr.,* P.O. Box 8533, Warren, Ohio 44484, for Appellant-Defendant.
Dated:
March 8, 2019

**Donofrio, J.**

{¶1} Defendant-appellant, Michael Patterson, appeals his conviction in the Noble County Common Pleas Court for assault on a corrections officer.

{¶2} Appellant is currently serving a prison sentence at Noble Correctional Institution for an unrelated felony. While serving this sentence, it was alleged that appellant placed a corrections officer in a choke hold to the point that the officer blacked out or nearly blacked out. Another corrections officer managed to subdue appellant during this incident.

{¶3} A Noble County Grand Jury indicted appellant on one count for assault on a corrections officer in violation of R.C. 2903.13(C)(3), a third-degree felony. At arraignment, appellant pled not guilty.

{¶4} Pursuant to a plea deal with plaintiff-appellee, the State of Ohio, appellant later changed his plea to guilty. The trial court conducted a plea colloquy with appellant and accepted his guilty plea. In the same hearing, the trial court sentenced appellant to 24 months of incarceration. This sentence was to run consecutive to the prison sentence appellant was already serving at the time.

{¶5} Appellant's change of plea and sentence were memorialized in a journal entry dated February 1, 2018. Appellant filed a motion for a delayed appeal on April 4, 2018, which we sustained. Appellant now raises two assignments of error.

{¶6} Appellant's first assignment of error states:

> THE TRIAL COURT FAILED TO COMPLY WITH CRIMINAL RULE 11 IN ACCEPTING APPELLANT'S PLEA OF GUILTY.

{¶7} Appellant argues that the trial court made two errors during his plea colloquy. First, the trial court failed to inform him of his right to have the state prove his guilt beyond a reasonable doubt. Second, the trial court improperly advised him regarding post-release control.

{¶8} Crim.R. 11(C) states that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly,

intelligently, and voluntarily. *State v. Wright,* 7th Dist. No. 09 MA 1, 2009–Ohio–4636, ¶ 13. These advisements are typically divided into constitutional rights and non-constitutional rights. *Id.*

**{¶9}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *Id.,* citing Crim.R. 11(C)(2)(c). If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 31.

**{¶10}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10–13, 897 N.E.2d 621; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 423 N.E.2d 1224, ¶ 19–26, (post-release control is a non-constitutional advisement).

**{¶11}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15.

**{¶12}** Regarding appellant's constitutional advisements during the plea colloquy, the trial court informed appellant of the following rights: the right against self-incrimination, the right to a bench or jury trial, the right to confront witnesses against him, and the right to subpoena witnesses to testify in his defense. (Tr. 2-4).

**{¶13}** The trial court did not inform appellant that he had the right to have the state prove his guilt beyond a reasonable doubt. The phrase "beyond a reasonable doubt" is

not found in the change of plea and sentencing transcript. Strict compliance requires that the trial court *expressly* advise the defendant of the constitutional rights he is waiving and ensure that the defendant understands those rights. *State v. Phipps*, 10th Dist. No. 13AP-640, 2014-Ohio-2905, ¶ 9, citing *Veney*, at ¶ 27. While the trial court advised appellant that he "could put the State to its proof even if you don't think you have a defense," (Tr. 1), this advisement does not rise to the level of strict compliance with Crim.R. 11(C)(2)(c).

**{¶14}** Regarding appellant's non-constitutional advisements, appellant argues that the trial court incorrectly advised him about post-release control. Pursuant to R.C. 2967.28(B), a person convicted of a third-degree felony that is one of violence but not a sex offense is subject to a mandatory three-year post-release control period.

**{¶15}** During the sentencing portion of the hearing, the trial court informed appellant:

> However you could still be placed on post release control. It's not mandatory. It is permissible and it could be imposed in this case for up to three years and if it were imposed then there would be terms and conditions that you have to abide by, certain things you're going to be required to do, certain things you're not going to be allowed to do.

(Tr. 9).

**{¶16}** This advisement indicates that post-release control was discretionary. Thus, the advisement during the hearing was improper. The trial court's February 1, 2018 journal entry indicates appellant was advised that post-release control was mandatory. The transcript, however, does not evidence this. While other parts of the record beyond the transcript may be used to show substantial compliance with the non-constitutional advisements of Crim.R. 11(C)(2), see *State v. Dotson*, 12th Dist. No. CA2007-11-025, 2008-Ohio-4695, ¶ 11-12, there are no other filings other than the final entry that indicate appellant would have been placed on mandatory post-release control for three years. As such, the trial court did not substantially comply with the non-constitutional advisements of Crim.R. 11(C)(2).

**{¶17}** Appellant does not argue that his plea would not otherwise have been made if he was properly notified of post-release control. *Veney* requires a prejudicial effect

Case No. 18 NO 0462

before failing to advise a defendant of the non-constitutional rights requires reversal. Regardless, the error regarding the post-release control advisement does not negate the fact that the trial court did not strictly comply with the constitutional advisement as to proof beyond a reasonable doubt during the plea colloquy.

**{¶18}** Accordingly, appellant's first assignment of error has merit and is sustained.

**{¶19}** Appellant's second assignment of error states:

> THE TRIAL COURT ERRED AND ACTED CONTRARY TO LAW IN IMPOSING A SENTENCE THAT WAS CONSECUTIVE TO A TERM OF IMPRISONMENT ALREADY BEING SERVED BY APPELLANT.

**{¶20}** Appellant argues that the trial court issued him a consecutive sentence without making any of the necessary consecutive sentence findings.

**{¶21}** An appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1 citing R.C. 2953.08(G)(2).

**{¶22}** In order to issue consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public, and (3) one of the findings described in subsections (a), (b), or (c) of R.C. 2929.14(C)(4). *State v. Jackson*, 7th Dist. No. 14 MA 99, 2015-Ohio-1365.

**{¶23}** As to element number three under *Jackson*, the findings are:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶24}** When appellant pled guilty, he was serving a prison sentence for an unrelated felony. (Tr. 5-6). The trial court ordered appellant's sentence for assault on a corrections officer to be served consecutively to his prior sentence. (Tr. 9). But the trial court did not make any of the required consecutive sentencing findings at the hearing.

**{¶25}** Appellant cites this court's decision in *State v. Hudson*, 7th Dist. No. 15 MA 0134, 2017-Ohio-645. In *Hudson*, we held that "consecutive sentence findings are required where a sentence is imposed consecutively to a prior sentence." *Id.* at ¶ 44 citing R.C. 2929.41(A).

**{¶26}** The trial court ordered appellant to serve his current and his prior sentences consecutively. But it did not make any of the necessary consecutive sentence findings. Therefore, his sentence is clearly and convincingly contrary to law.

**{¶27}** Accordingly, appellant's second assignment of error has merit and is sustained.

**{¶28}** For the reasons stated above, the trial court's judgement is hereby reversed, appellant's guilty plea is vacated, and this matter is remanded for further proceedings pursuant to law and consistent with this opinion.

Waite, P.J., concurs.
Robb, J., concurs.

Case No. 18 NO 0462

[Cite as *State v. Patterson*, **2019-Ohio-881.**]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Noble County, Ohio, is reversed. Appellant's guilty plea is vacated and we hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion.  Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**