[Cite as *State v. Esmail*, 2014-Ohio-2297.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 CO 35 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| AMAD ESMAIL | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of Common Pleas of Columbiana County, Ohio
Case No. 2010 CR 144

JUDGMENT:      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Robert Herron
Columbiana County Prosecutor
Atty. Ryan P. Weikart
Assistant Prosecuting Attorney
105 South Market Street
Lisbon, Ohio 44432

For Defendant-Appellant:      Atty. James S. Gentile
Atty. Ronald D. Yarwood
Atty. Edward A. Czopur
DeGenova & Yarwood, Ltd.
42 N. Phelps St.
Youngstown, Ohio 44503

JUDGES:
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: May 27, 2014

WAITE, J.

{¶1} This is the second time Appellant Amad Esmail is appealing his felony sentence. He was convicted on eight drug charges, including aggravated trafficking in drugs and aggravated possession of drugs. He was sentenced to an eight-year prison term that involved consecutive prison terms. The sentence was reversed due to errors in imposing the consecutive sentences. On remand, the trial court sentenced Appellant to the same consecutive prison term, this time making the findings required by R.C. 2929.14(C)(4). Appellant now argues that the court should not have imposed consecutive sentences because in so doing, the court relied on a prior drug conviction that was later dismissed after he completed a drug court program. The trial court did not rely on the charges dismissed following drug court, and the assignment of error has no merit. Appellant also argues that a lone instance of prior criminal conduct should not now result in consecutive sentences, especially because his crimes are primarily caused by his drug addiction. Appellant's argument is not supported by the record. As his second assignment of error is also without merit, the judgment of the trial court is affirmed.

Case Background

{¶2} The history of this case is well-documented in the prior appeal of Appellant's sentence:

On May 27, 2010, the Columbiana County Grand Jury issued a secret indictment charging Esmail with three counts of trafficking in drugs (R.C. 2925.03(A)(1)), third-degree felonies; two counts of aggravated

trafficking in drugs (R.C. 2925.03(A)(1)), and one count of aggravated possession of drugs (R.C. 2925.11(A)), all first-degree felonies; and two counts of possession of drugs (R.C. 2925.11(A)), fifth-degree felonies. These charges stem from four dates during a three-week period [in 2009] where Esmail sold Oxycontin pills and heroin from a gas station that he operated. On June 18, 2010, Esmail was arraigned and pled not guilty. On April 4, 2011, Esmail filed a motion for treatment in lieu of conviction, which the trial court denied.

On August 26, 2011, Esmail and the State entered into a Crim.R. 11 plea agreement. Esmail withdrew his previous plea of not guilty and agreed to plead guilty to all eight counts in the indictment. The State recommended a sentencing structure grouping the offenses by degree for a total 8 year prison term. The State opposed community control sanctions, but Esmail requested a lesser sentence and a presentence investigation. At the plea hearing, the trial court accepted Esmail's guilty plea and granted the request for the PSI.

On October 27, 2011, the matter came before the trial court for a sentencing hearing. The State summed up the facts supporting the charges, arising out of transactions taking place at Esmail's gas station within 1,000 feet of a day care center as follows: "In total, over five days, this Defendant possessed and sold, and/or sold, 453 Oxycontins, over five and half grams of heroin. The street value on the Oxycontins

alone being over $31,000. That's not a recreational user, Your Honor. That's a drug dealer." The State also argued a prison sentence was warranted given Esmail's 2006 convictions on several counts of drug trafficking in Trumbull County resulted in a Drug Court diversion and being placed on community control to no effect. Defense counsel urged the court to impose a minimum sentence and concurrent terms. Defense counsel characterized Esmail's criminal activity as a result of a long-term drug addiction and explained that despite past involvement in Drug Court, he had not received adequate drug rehabilitation. Counsel further noted that Esmail's offenses took place over a short period of time and involved only one person purchasing the drugs. The court also gave Esmail an opportunity to speak. Esmail stated that he works hard and is dedicated to his family. He explained that his addiction began 10 years ago when he was sick and an employee offered him an Oxycontin pill. He emphasized that he was not out in the community "starting trouble" but was confined to the gas station all day.

At the sentencing hearing, the trial court made note of a 2003 drug related conviction in addition to the 2006 convictions noted by the State. The following were the only findings made by the trial court relative to sentencing and pertinent to the issues raised here on appeal:

"Mr. Amad, I have considered all of the appropriate factors in this case, I believe; including the Presentence Investigation." The trial court goes

on to note two prior convictions for drug-related offenses, concluding: "I do not believe that you are amenable to Community Control. Again, based on the past record * * * " Finally the trial court states: "I do believe that this sentence today is consistent with the terms of Senate Bill 86. Again, the primary purposes of which are to protect the public and to punish the offender."

On November 3, 2011, the trial court issued a judgment entry sentencing Esmail pursuant to the sentencing structure the State recommended. For the first-degree felonies: 3 years on Count 1; 4 years on Count 5; and 4 years on Count 6, these terms to be served concurrently with each other but consecutive to the other prison sentences. For the third-degree felonies: 3 years on Count 2; 3 years on Count 3; and 3 years on Count 4, these terms to be served concurrently with each other but consecutive to the other prison sentences. For the fifth-degree felonies: 1 year on Count 7 and 1 year on Count 8, these terms to be served concurrently with each other but consecutive to the other prison sentences. Thus, the trial court sentenced Esmail to a total 8 year term of incarceration.

*State v. Esmail*, 7th Dist. No. 11 CO 35, 2013-Ohio-2165, ¶3-8 ("*Esmail I*").

{¶3} In the prior appeal, we specifically noted and relied on the fact that Appellant was charged with drug offenses in 2003 that were later dismissed in Trumbull County Drug Court, and that in 2006 Appellant "was convicted of multiple

drug trafficking offenses, was sentenced to five years community control, and received an early termination of his community control in January 2009; approximately six months before he committed the present offenses in June and July 2009." *Id.* at ¶45.

**{¶4}** We remanded the case for resentencing because the trial court imposed consecutive sentences without making all of the findings required by newly enacted R.C. 2929.14(C)(4). *Id.* at ¶48. Following remand, the trial court held another sentencing hearing on August 8, 2013. At the hearing, Appellant's counsel objected to any references to the 2003 drug charges that were dismissed by the Trumbull County Drug Court. (Tr., pp. 8-9.) The court sustained the objection and directed the prosecutor to refer only to Appellant's 2006 convictions. (Tr., p. 9.) The prosecutor then described the 2006 convictions: five felony counts including aggravated trafficking and failure to comply. To excuse these crimes, the prosecutor stated that Appellant "blamed his addiction, and also blamed that he wasn't making profits from these drug transactions." (Tr., pp. 9-10.) The prosecutor also noted that Appellant was placed on community control following his drug convictions, but within six months of the termination of community control he began selling drugs again out of his gas station in Leetonia. (Tr., p. 10.)

**{¶5}** The trial court sentenced Appellant to the same eight-year prison term as the original sentence: three years concurrently served on counts 1, 2, 3 and 4; four years concurrently on counts 5 and 6, and one year concurrently served on counts 7 and 8. These three groups of sentences were to be served consecutively,

for a total of eight years in prison. The court noted: "Of significance to me is the Defendant's past adult criminal record. That includes the felony drug convictions in Trumbull County in 2006. Those convictions do include three counts of Aggravated Trafficking in Drugs. * * * He's now a repeat drug trafficking offender. In my opinion, I find that as such, he is necessarily a threat to the public, especially when considering the amount of drugs involved; and the trafficking offenses occurred within the vicinity of a school." (Tr., pp. 34-35.) In imposing consecutive sentences, the court discussed the three findings required by R.C. 2929.14(C)(4). (Tr., p. 38.) The trial court filed its judgment entry on August 13, 2013, and this timely appeal followed.

<u>ASSIGNMENT OF ERROR NO. 1</u>

The sentence imposed against Mr. Esmail was contrary to law as it was based, in part, on a dismissed case being used as "criminal history."

**{¶6}** Appellant challenges the imposition of consecutive sentences as part of his total sentence on various felony drug offenses. We review felony sentences in a limited, two-step approach, as set forth in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26. First, we examine the sentence to determine if it is "clearly and convincingly contrary to law." *Id.* If the sentence is not clearly and convincingly contrary to law, then we review the sentence for abuse of the trial court's discretion. *Id.* at ¶17. Although some appellate courts no longer apply an abuse of discretion standard to felony sentences based on a newly reenacted version of R.C. 2953.08(G)(2), we have consistently continued to apply the two-fold *Kalish* standard, even when reviewing consecutive sentences.

*State v. Jackson*, 7th Dist. No. 12 MA 199, 2014-Ohio-777; *State v. Hill*, 7th Dist. No. 13 MA 1, 2014-Ohio-919.

**{¶7}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶8}** Pursuant to revised R.C. 2929.14(C)(4), a trial court must make three findings before imposing consecutive sentences. A court may impose consecutive sentences if it finds that: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following: (a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense, or (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. The trial court is not required to state reasons supporting the findings. *State v. Galindo–Barjas*, 7th Dist. No. 12 MA 37, 2013-Ohio-431, ¶16-17, 19. The trial court is not required to cite any "magic words" before imposing consecutive sentences, as long as it is "clear from the record that the trial

court engaged in the appropriate analysis." *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶40, quoting *State v. McKenzie*, 3d Dist. No. 15-12-07, 2012-Ohio-6117, ¶10. The trial court can use either the exact wording of R.C. 2929.14(C)(4), or other language that reflects that the findings were made. We review the entire record to determine whether the findings were made at the time consecutive sentences are imposed.

**{¶9}** The re-sentencing judgment entry states:

Pursuant to R.C. 2929.14, this Court finds that consecutive prison sentences are necessary to punish the offender, to protect the public from future crimes, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger he poses to the public. This Court also finds that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

(8/13/13 J.E., pp. 3-4.)

**{¶10}** Appellant argues that the record does not support the necessary third finding, *i.e.*, that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Appellant assumes that the trial court improperly relied on his indictment on drug charges in 2003. These charges were dismissed in 2005 as part of his participation in the Trumbull County Drug Court. Appellant has no basis for this assumption. The trial court specifically stated at the sentencing hearing that it was not relying on those

charges, and the judge sustained Appellant's objection to the use of those charges at sentencing. Appellant believes that even though the judge said he was not going to consider the 2003 charges, he included these charges when coming to his decision. Appellant comes to this conclusion because the judge said that Appellant's criminal record "includes" the felony drug convictions from 2006, implying that there was more to Appellant's criminal history than only the 2006 conviction. (8/13/13 Tr., p. 34.) While this is certainly true, Appellant's record "includes" his 2006 conviction and his 2011 conviction. Appellant urges us to believe that this statement implies that the judge was also taking into account the 2003 charges.

**{¶11}** Appellant's argument is not convincing. First, it is settled law that a sentencing judge can take into account facts relating to other charges, even charges that have been dismissed or which resulted in an acquittal. *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *State v. Wiles*, 59 Ohio St.3d 71, 78, 571 N.E.2d 97 (1991); *State v. Donald*, 7th Dist. No. 08 MA 154, 2009-Ohio-4638, ¶42-44.

**{¶12}** Second, Appellant's prior criminal history, including the 2003 indictment, is part of the record of this case and the prior appeal of this case. Whether or not this indictment should count against him at sentencing, it is a matter of public record that he was charged with drug offenses in 2003. *Esmail I*, ¶6, 21, 45. Appellant did not object to the references to the 2003 charges in his prior appeal, and we specifically relied on these charges as part of our analysis in finding that the original sentence did not amount to an abuse of discretion. *Id.* at ¶45. Appellant

cannot now object that the trial judge should not have made any reference to those charges. The time for such objection has long since passed.

**{¶13}** Third, there is no evidence in the record that the trial judge considered the 2003 charges at sentencing. Appellant objected to the use of the charges, the objection was sustained, the court directed the prosecutor to discuss only the 2006 convictions, and the court referred only to the 2006 convictions. (Tr., p. 34.) Whether or not there were charges made against Appellant in 2003, it was proper for the trial court to state that his criminal record includes convictions in Trumbull County in 2006. Those convictions include three counts of aggravated trafficking in drugs, the same charges involved in the instant appeal. Whatever Appellant's total criminal record might consist of, it certainly includes convictions from 2006. The use of the word "includes" implies nothing more than that Appellant has a criminal record and that convictions from 2006 are part of that record. Appellant's argument is both linguistically and logically incorrect. Regardless, any consideration of the 2003 charges would have been harmless since that fact is part of the record and a court is permitted at sentencing to rely on prior criminal activity even if it does not result in a conviction. This assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

The record does not support a finding that Appellant's criminal history demonstrates that consecutive sentences are necessary to protect the public thereby requiring reversal of the sentence as to consecutive sentences.

**{¶14}** Appellant argues that his criminal history does not support the trial court's finding that consecutive sentences were necessary to protect the public. Appellant is essentially arguing that the trial court abused its discretion in imposing consecutive sentences because the weight of the evidence shows that he was not a danger to the public. Appellant argues that he committed the crimes because he is a drug addict who has never had counseling. He contends that he only sold drugs to one customer, and that he himself was the victim of the crime. He argues that his likelihood of recidivism stems from the fact that he is a drug addict, not because he is a criminal, and that a lengthy prison term is not going to deal with the reason he committed the crimes or prevent him from committing future drug crimes. Appellant concludes that the trial court was required to impose community control sanctions rather than a lengthy prison term. Appellant cites no cases in support of his argument.

**{¶15}** We have already ruled in the prior appeal that the trial court did not abuse its discretion to impose a prison term rather than community control. *Esmail I* at ¶37, 45, 47-48. Appellant made this same argument in the prior appeal and the matter is now *res judicata*: "Esmail mainly argues that the trial court abused its discretion because he sold drugs to a single buyer and thus was not a threat to the public, only to himself." *Id.* at ¶47. The record reflects that the 2006 convictions were an indication that Appellant was becoming a major drug dealer rather than indications merely of personal drug use. They involved three separate sales of Oxycontin and one purchase of 500 Oxycontin pills for $7,500 from an undercover

agent. He was placed on community control for those convictions, but within six months of being released from that community control he began committing the crimes involved in the instant appeal. On June 30, 2009, he sold 85 Oxycontin pills for $4,000. On July 2, 2009, he sold 1.4 grams of heroin and four Oxycontin pills for $400. On July 15, 2009, he sold 4.4 grams of heroin for $800. On July 17, 2009, he sold 50 Oxycontin pills for $2,250. Thus, after having experienced community control sanctions, he not only continued to sell Oxycontin, but expanded his trafficking program to include heroin. Both drug suppliers were also arrested and stated that they had delivered drugs to Appellant at his gas station on several occasions. Appellant's argument that he was the only person involved in the crime and was himself the only victim is not supported by the record. Appellant's argument is without merit.

## Conclusion

**{¶16}** Appellant challenges the imposition of consecutive sentences after this case was remanded to the trial court for resentencing in *Esmail I*. On resentencing, the trial court made the proper findings to impose consecutive sentences. Appellant argues that the sentence is unlawful because the trial court improperly considered charges from 2003 that were later dismissed. The record reflects that the trial court specifically did not consider those charges, even though they are part of the record of this case and the court could have relied on those charges in sentencing. Appellant also argues that it was an abuse of discretion to impose consecutive prison terms rather than community control. This issue is *res judicata*, having been unsuccessfully

argued by Appellant in the prior appeal. Further, the record reflects that community control sanctions from Appellant's 2006 convictions were ineffective, and there was no abuse of discretion in imposing a more severe sanction for his later crimes. The judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.